```
              UNITED STATES DISTRICT COURT
                       FOR THE
                  DISTRICT OF VERMONT


THERMAL SURGICAL, LLC         )
                              )
     Plaintiff/Counterclaim   )
         Defendant,           )
                              )
     v.                       )
                              )
JEFF BROWN,                   )
                              )
     Defendant/Counterclaim   )
     and Third-Party          )
     Plaintiff,               )
                              )
     v.                       )         Case Nos. 2:15-cv-220
                              )                   2:19-cv-75
                              )
JASON LESAGE, GREGORY SWEET,  )
NUVASIVE, INC.,               )
                              )
     Third-Party Defendants,  )
                              )
and                           )
                              )
NUVASIVE, INC.,               )
                              )
     Plaintiff,               )
                              )
     v.                       )
                              )
JEFF BROWN,                   )
                              )
     Defendant.               )
```

## OPINION AND ORDER

Plaintiffs Thermal Surgical, LLC ("Thermal Surgical") and NuVasive, Inc. ("NuVasive") bring these consolidated actions against Jeff Brown, alleging that Mr. Brown violated certain non-competition and non-solicitation agreements, breached his

duty of loyalty, and misappropriated trade secrets.  Mr. Brown, proceeding *pro se*, has asserted a counterclaim against Thermal Surgical, NuVasive, and Third-Party Defendant Gregory Sweet. The counterclaim alleges that Mr. Sweet made defamatory statements that harmed Mr. Brown's reputation in the medical device sales industry.  Mr. Brown is seeking damages for lost sales commissions and punitive damages.

The three counterclaim defendants ("movants") have filed a joint motion for summary judgment on the counterclaim.  Their filing includes affidavits, as well as documents obtained via subpoena.  In one of the affidavits, Mr. Sweet denies making the allegedly-defamatory statement.  Mr. Brown has offered no record evidence to support his counterclaim.  For the reasons set forth below, the motion for summary judgment (ECF No. 150) is **granted.**

### Factual Background

Thermal Surgical is a distributor for NuVasive, which is in the business of designing, manufacturing and marketing medical devices used in spinal surgery.  Mr. Brown was previously employed by Thermal Surgical as a medical sales representative. While still a Thermal Surgical employee, Mr. Brown allegedly began working for one of its competitors, thereby violating his non-competition and non-solicitation obligations.  Plaintiffs' claims center on this alleged misconduct.

Mr. Brown has responded to the complaint with an answer and a single-count counterclaim.  The counterclaim alleges that Gregory Sweet, as a principal of Thermal Surgical and representative of both Thermal Surgical and NuVasive, told a representative from another medical device company that Mr. Brown was involved in criminal activities "and would have a difficult time performing his job responsibilities while in jail."  ECF No. 148 at 2, ¶ 14.  The statement was allegedly made to Jason Vaillancourt, whose company had a business relationship with Mr. Brown's then-employer, A2 Medical.  While the counterclaim concedes that "[i]t is unclear the extent to which Sweet's campaign of defamation against Brown has spread and the extent of the damage done to Brown in the medical device industry," *id.* at 2, ¶ 19, Mr. Brown claims that the defamatory statement prevented A2 Medical from assigning him a lucrative sales territory, *id.,* ¶¶ 22-23.  Mr. Brown estimates "very conservative(ly)" that his sales in that territory would have yielded $120,000 in annual commissions.

At summary judgment, movants have provided affidavits from Mr. Sweet and Mr. Vaillancourt.  Mr. Sweet attests that he did not make the statement alleged in the counterclaim.  ECF No. 150-4.  Mr. Vaillancourt states that he has "no recollection of Mr. Sweet disparaging Mr. Brown or otherwise commenting about Mr. Brown engaging in criminal activities that could cause him

3

to go to jail.  Further, I know Mr. Sweet made no statements to me about Mr. Brown that changed my opinion or perception of Mr. Brown."  ECF No. 150-5 at 1, ¶ 3.  Mr. Vaillancourt also attests that he has no memory of relaying statements made by Mr. Sweet about Mr. Brown to any third party, including A2 Medical.  *Id.* at 2, ¶ 4.

In addition to obtaining the two affidavits, movants issued a subpoena for records to A2 Medical.  The subpoena requested (1) all documents relating to comments by Mr. Sweet about Mr. Brown in December 2017; (2) all documents relating to consideration of Mr. Brown for the sales territory he was allegedly denied in 2018; and (3) documents showing annual sales within that sales territory from 2016 to the present.  ECF No. 150-7 at 9.  A2 Medical stated in its response that it was unable to find any electronic record referencing comments made by Mr. Sweet in 2017, and was unable to find any documents referencing consideration of Mr. Brown for the sales territory in question.  ECF No. 150-6.  A2 Medical also provided the requested sales information.  *Id.*

Mr. Brown opposes the summary judgment motion.  His memorandum contends that Mr. Sweet's affidavit is disputed, and that Mr. Vaillancourt's lack of recall can be attributed to the passage of time.  He also submits that Mr. Vaillancourt's memory could be refreshed during a deposition.  With regard to the

4

subpoena response, Mr. Brown contends that it was too narrow as it does not inquire about statements from Mr. Vaillancourt to A2 Medical, and fails to address A2 Medical's non-electronic records.  Mr. Brown's opposition memorandum also explains that he became aware of Mr. Sweet's comments from his boss at A2 Medical, Mike Deraps.  According to Mr. Brown, "Deraps stated that Vaillancourt had reported Sweet's comments and inquired about Brown's status."  ECF No. 151 at 3.  Mr. Brown has not provided an affidavit from Mr. Deraps, or any other record evidence to support his position.

## Procedural Background

Thermal Surgical commenced the first of these two consolidated cases on October 13, 2015.  On September 21, 2016, the litigation was stayed when the Court received notice of Mr. Brown's Chapter 7 bankruptcy filing.  In November 2019, the Court lifted the stay.  Shortly thereafter, Thermal Surgical and NuVasive moved for summary judgment based largely on the concluded bankruptcy proceedings.  The Court ultimately granted summary judgment to Thermal Surgical, but denied NuVasive's motion.  NuVasive's claims are still pending.

Movants filed the pending motion for summary judgment on April 9, 2021, seeking dismissal of Mr. Brown's counterclaim. The filing included the required notice to *pro se* litigant, which informed Mr. Brown that his claim could be dismissed if he

failed to file his "own sworn affidavits or other papers as required by Fed. R. Civ. P. 56(e) and Local Rule 56(b)." ECF No. 150-2 at 1. The notice also attached the text of Federal Rule of Civil Procedure 56. *Id.* at 4-6. On May 13, 2021, Mr. Brown submitted a memorandum opposing the summary judgment motion, but did not include any affidavits or other supporting evidence.

On June 8, 2021, Mr. Brown moved the Court to "stay" the motion for summary judgment and to allow an additional 90 days for discovery. On July 12, 2021, the Court granted the motion over the movants' objection. The 90-day discovery period is now closed, and Mr. Brown has not supplemented his summary judgment filing.

## **Discussion**

### I.  **Legal Standard**

Summary judgment is appropriate when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Once the moving party meets this burden, the nonmoving

party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).

To defeat a summary judgment motion, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by ... citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials...." Fed. R. Civ. P. 56(c)(1)(A). In the event that "a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may," among other things, "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3).

The Court is required to read a self-represented "party's papers liberally and interpret them to raise the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015). Nonetheless, "unsupported allegations do

not create a material issue of fact" at summary judgment.
*Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

## II. Defamation Claim

A common law claim of defamation consists of the following
elements: (1) a false and defamatory statement concerning
another; (2) negligence, or greater fault, in publishing the
statement; (3) publication to at least one third person; (4)
lack of privilege in the publication; (5) special damages,
unless actionable *per se*; and (6) actual harm so as to warrant
compensatory damages. *See Lent v. Huntoon*, 143 Vt. 539, 546-47,
470 A.2d 1162, 1168 (1983). In this case, movants contend that
Mr. Brown cannot establish the first element (a defamatory
statement), as Mr. Sweet denies making the alleged statement.
Movants also challenge Mr. Brown's proof of the third element
(publication to a third party), as Mr. Vaillancourt has no
memory of any defamatory statements by Mr. Sweet. Movants'
final argument is that Mr. Brown cannot show actual harm, since
the affidavit of Mr. Vaillancourt and the documents from A2
Medical indicate that nothing said by Mr. Sweet had any impact
on Mr. Brown's assigned sales territories.

Mr. Brown responds to the movants' affidavits and
documentary evidence with only his own unsworn factual
assertions. His primary claim is that he was told by a third
party, Mr. Deraps, that Mr. Vaillancourt reported Mr. Sweet's

statements.  He has offered no affidavit of his own, and no sworn statement from either Mr. Deraps or Mr. Vaillancourt by means of an affidavit, deposition, or otherwise.  Movants have established that Mr. Vaillancourt has no specific recollection of the alleged statement by Mr. Sweet, and no memory of relaying any such comment to a third person.

Even if properly attested to by Mr. Brown, his statement would constitute inadmissible hearsay.  *See* Fed. R. Evid. 801(c).  Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Id.*  Mr. Brown's allegation of defamation, as clarified in his opposition memorandum, is quintessential hearsay: he relies on a statement by Mr. Deraps about a statement by a third party (Mr. Vaillancourt), in order to prove that the initial defamatory statement by Mr. Sweet was actually made.  Such statements cannot defeat a properly-supported motion for summary judgment. *See Albert v. Loksen*, 239 F.3d 256, 266 (2d Cir. 2001) (holding that "[w]hen challenged on a motion for summary judgment, a plaintiff may not rely solely on hearsay or conclusory allegations that the slanderous statement was made") (citations omitted)); *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999) (holding that hearsay statement

"did not constitute competent evidence" and thus could not be considered in opposition to motion for summary judgment).

As to damages, movants argue that there is no genuine dispute of material fact. Mr. Brown's memorandum asserts that he lost a lucrative sales territory, and assesses his damages based upon his employer's sales in that territory. The only support for this damages theory is Mr. Brown's own conjecture and speculation. *See Lent*, 143 Vt. at 549, 470 A.2d at 1170 (requiring defamation plaintiffs to demonstrate "actual harm" as a prerequisite to recovering general damages). The A2 Medical response to movants' subpoena suggests that the theory is, in fact, unsupported.

The Second Circuit has held that a party's "bald assertion, completely unsupported by evidence, [does] not satisfy [his] burden" at summary judgment. *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991). Here, movants have carried their burden of showing the absence of a genuine material factual dispute with regard to Mr. Brown's defamation claim. Mr. Brown has failed to counter that showing. Accordingly, the Court finds that movants are entitled to judgment on Mr. Brown's counterclaim as a matter of law.

## **Conclusion**

For the reasons set forth above, the pending motion for summary judgment (ECF No. 150) is **granted.**

DATED at Burlington, in the District of Vermont, this 19th day of November, 2021.


<u>/s/ William K. Sessions III</u>
William K. Sessions III
District Court Judge