```
                    UNITED STATES DISTRICT COURT
                            FOR THE
                       DISTRICT OF VERMONT

THERMAL SURGICAL, LLC           )
                                )
     Plaintiff/Counterclaim     )
         Defendant,             )
                                )
     v.                         )
                                )
JEFF BROWN,                     )
                                )
     Defendant/Counterclaim     )
     and Third-Party            )
     Plaintiff,                 )
                                )
     v.                         )     Case Nos. 2:15-cv-220
                                )               2:19-cv-75
                                )
JASON LESAGE, GREGORY SWEET,    )
NUVASIVE, INC.,                 )
                                )
     Third-Party Defendants,    )
                                )
and                             )
                                )
NUVASIVE, INC.,                 )
                                )
     Plaintiff,                 )
                                )
     v.                         )
                                )
JEFF BROWN,                     )
                                )
     Defendant.                 )
```

**OPINION AND ORDER**

Plaintiffs Thermal Surgical, LLC ("Thermal Surgical") and NuVasive, Inc. ("NuVasive") bring these consolidated actions against Jeff Brown, alleging Mr. Brown violated certain non-competition and non-solicitation agreements, breached his duty

of loyalty, and misappropriated trade secrets.  Pending before the Court are Mr. Brown's motion to dismiss NuVasive's claims (ECF No. 160); his motion to stay the motion to dismiss (ECF No. 163); and his motion to compel NuVasive to produce a detailed calculation of its alleged damages (ECF No. 164).  NuVasive objects to Mr. Brown's motions, arguing that the motion to dismiss goes beyond the pleadings, and the motion to compel is premature in the absence of a discovery request.  Also before the Court is Thermal Surgical's motion for entry of judgment (ECF No. 159).  For the reasons set forth below, all pending motions are denied without prejudice.

**I.   Mr. Brown's Motion to Dismiss**

The Court will first address Mr. Brown's motion to dismiss NuVasive's claims against him.  NuVasive's Complaint seeks over $1.5 million in damages as a result of alleged contractual violations.  Mr. Brown contends that the facts do not support that amount of damages.  Specifically, he argues that his non-compete agreement is unenforceable; that he did not compete with NuVasive during the non-compete period; that NuVasive did not suffer any interruption in sales as a result of his actions; that NuVasive's alleged loss amount is unsupported; and that NuVasive has already received more than it is due.

The facts cited by Mr. Brown go beyond NuVasive's pleadings, and thus cannot be considered on a motion to dismiss.

2

*See* Fed. R. Civ. P. 12; *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."). "Where a district court considers material outside of the pleadings that is not attached to the complaint, incorporated by reference, or integral to the complaint, the district court, to decide the issue on the merits, must convert the motion into one for summary judgment." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021). The rule forbidding consideration of matters beyond the pleadings "deters trial courts from engaging in factfinding when ruling on a motion to dismiss and ensures that when a trial judge considers evidence [outside] the complaint, a plaintiff will have an opportunity to contest defendant's relied-upon evidence by submitting material that controverts it." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006).

    Conversion to a summary judgment motion is only required if the Court plans to consider evidence outside the complaint. Indeed, the decision to convert a motion to dismiss to a motion for summary judgment is within the Court's discretion. *See Liberty Mut. Ins. Co. v. N. Picco & Sons Contracting Co.*, No. 05

3

CIV. 217, 2008 WL 190310, at *3 (S.D.N.Y. Jan. 16, 2008) ("It is within the discretion of this Court to convert a motion filed under Rule 12(b)(6) into a motion seeking summary judgment when matters outside the pleadings have been presented and accepted by the Court, and where all parties have been given a reasonable opportunity to present materials pertinent to the motion's disposition.") (internal quotation marks omitted); *Scope, Inc. v. Pataki*, 386 F. Supp. 2d 184, 190 (W.D.N.Y. 2005) ("The Court determines in its discretion, however, not to convert these motions on the pleadings to ones for summary judgment at this time."). Rather than converting the motion, the Court may instead deny the motion without prejudice such that both parties, including the movant, can begin anew with properly-supported statements of facts, record citations, and legal arguments. *See, e.g., Blair v. L.I. Child & Fam. Dev. Servs., Inc.*, No. 16CV1591JFBSIL, 2017 WL 722112, at *8 (E.D.N.Y. Jan. 31, 2017), *report and recommendation adopted*, No. 16CV1591JFBSIL, 2017 WL 728231 (E.D.N.Y. Feb. 21, 2017).

In this case, Mr. Brown has offered facts and evidence that not only go beyond the pleadings, but are also unsupported by citations to either sworn affidavits (including his own) or other admissible evidence as required by Rule 56, which governs summary judgment motions. *See* Fed. R. Civ. P. 56(c)(1)(A) (requiring citation "to particular parts of materials in the

4

record, including depositions, documents . . . affidavits or declarations"); *see also* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). Moreover, this Court's Local Rules require a separate statement of undisputed facts supported by the types of evidence discussed in Federal Rule of Civil Procedure 56(c). *See* Local Rules 56(a), 56(c). Accordingly, conversion to a motion for summary judgment would mean moving forward without the evidentiary support required by the applicable rules.

The Court finds that rather than conversion, denial without prejudice is the more appropriate course. *See, e.g., Cassotto v. Potter*, No. CIVA3-07-CV-266, 2007 WL 2121239, at *1 (D. Conn. July 20, 2007) ("The court will not at this time convert the defendant's motion into one for summary judgment, and therefore denies the motion to dismiss without prejudice to raise these arguments on summary judgment."). If the Court merely converts Mr. Brown's motion without requiring compliance with the federal and local rules, NuVasive will be deprived of the opportunity to offer objections as contemplated by Federal Rule of Civil Procedure 56(c). The Court will be similarly unable to discern whether the summary judgment motion is adequately supported by admissible evidence. The motion to dismiss is therefore denied

without prejudice, and Mr. Brown may re-file a dispositive motion that complies with the applicable procedural rules.

**II.  Motion to Stay the Motion to Dismiss**

Because the motion to dismiss is denied without prejudice to re-filing, the motion to stay the motion to dismiss is denied as moot.

**III. Motion to Compel**

Mr. Brown has also moved to compel NuVasive to produce a detailed calculation of its alleged damages.  A motion to compel is governed by Federal Rule of Civil Procedure 37, which identifies specific types of motions: (1) a motion to compel after a party fails to make a requested disclosure under Rule 26(a); (2) a motion to compel a discovery response if a party fails to answer an interrogatory or produce a requested document; and (3) a motion related to a dispute during a deposition.  Fed. R. Civ. P. 37(a)(3).  Each type of motion is premised upon a failure to adequately respond to an established form of discovery.

Here, Mr. Brown has not served NuVasive with a request for a detailed damages calculation.  Consequently, the Court cannot compel an answer.  NuVasive represents that if Mr. Brown serves it with proper discovery, it will respond in accordance with the federal and local rules.  Because NuVasive has not yet been

asked for the detailed calculation sought by Mr. Brown, the motion to compel a response is denied.

### IV. Motion for Entry of Judgment

The final motion before the Court is Thermal Surgical's motion for entry of judgment. The Court previously granted Thermal Surgical's motion for summary judgment on its claims against Mr. Brown, and granted a separate motion for summary judgment dismissing Mr. Brown's counterclaim against Thermal Surgical. Thermal Surgical now moves the Court to enter judgment in its favor in the amount of $302,379.53, plus $193,528.28 in prejudgment and postjudgment interest.

Thermal Surgical submits its motion pursuant to subsection (d) of Federal Rule of Civil Procedure 58, which allows a party to request entry of final judgment in a "separate document." Fed. R. Civ. P. 58(d); *see also* Fed. R. Civ. P. 58(a) (requiring that every judgment and amended judgment be set out in a "separate document"). Thermal Surgical focuses its argument on its alleged entitlement to prejudgment and postjudgment interest. Thermal Surgical does not address the fact that other claims in the case are still pending.

In general, "the entry of a final judgment is . . . appropriate only after all claims have been adjudicated." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (internal quotation marks omitted). "Rule 54(b) authorizes

7

entry of a partial final judgment 'as to one or more, but fewer than all, claims or parties' only when three requirements have been satisfied: [i] there are multiple claims or parties; [ii] at least one claim or the rights and liabilities of at least one party has been finally determined; and [iii] the court [expressly determines] that there is no just reason for delay.'" *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat. Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014) (quoting Fed. R. Civ. P. 54(b)).

"Respect for the 'historic federal policy against piecemeal appeals' requires that a Rule 54(b) certification not be granted routinely." *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128-29 (2d Cir. 2000) (per curiam) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).  In fact, the Second Circuit has cautioned that "the court's power under Rule 54(b) . . . should be exercised sparingly." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (internal quotation marks omitted).

Thus, "certification under Rule 54(b) should be granted only if there are interests of sound judicial administration and efficiency to be served, or, in the infrequent harsh case, where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *FAT Brands Inc. v. PPMT Cap. Advisors, Ltd*., No. 19 Civ. 10497 (JMF), 2021 WL 1392849, at *1 (S.D.N.Y. Apr. 13, 2021) (quoting *Harriscom*

8

*Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)). "In applying these principles," the Second Circuit has "repeatedly noted that the district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated." *Novick*, 642 F.3d at 311 (internal quotation marks omitted). Among other things, "'[i]t does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case' in successive appeals from successive decisions on interrelated issues." *Id.* (quoting *Harriscom*, 947 F.2d at 631).

In the pending case, not all claims have been resolved. NuVasive's claims against Mr. Brown remain pending, and discovery has not yet concluded on those claims. Consequently, the concerns set forth by the Second Circuit with regard to efficient judicial administration and the possibility of piecemeal appeals apply here. Thermal Surgical's motion does not address those concerns, and does not ask the Court to make any findings under Rule 54(b). While the Court offers no opinion at this time about the potential merits of a motion under Rule 54(b), it declines to enter a separate judgment without briefing on the requirements of that rule. The motion for judgment is therefore denied without prejudice.

## V. Conclusion

For the reasons set forth above, all pending motions (ECF Nos. 159, 160, 163, and 164) are denied.

DATED at Burlington, in the District of Vermont, this 16th day of February, 2022.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge
